The Memorandum Decision and Order below is hereby
signed.  Dated: October 9, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NETtel CORPORATION, INC., *et al.*, | ) | Case No. 00-01771 |
| | ) | (Chapter 7) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| | ) | |
| WENDELL W. WEBSTER, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 02-10118 |
| SCOTT & REID GENERAL CONTRACTORS, INC., | ) | |
| | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER RE
TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

Invoking 11 U.S.C. §§ 547(b) and 550(a), the complaint in this proceeding against Scott & Reid General Contractors, Inc. ("Scott & Reid") seeks to recover a pre-petition payment of $129,508.36 made by the debtor, NETtel Corporation, Inc. ("NETtel"), to Scott & Reid. The plaintiff, Wendell W. Webster,

is the trustee of NETtel's estate under Chapter 7 of the Bankruptcy Code.

Webster has moved for summary judgment, asserting that Scott & Reid has conceded every element of an avoidable transfer and that the court has rejected each of the substantive defenses asserted by Scott & Reid. Although Webster has discharged his burden to show that all five elements of § 547(b) apply, there remain unresolved issues relating to Scott & Reid's contemporaneous exchange for new value defense under § 547(c)(1) that were not definitively rejected by the court in its disposition of Scott & Reid's summary judgment motion. Webster is correct, however, that the other defenses raised by Scott & Reid have been rejected or are insufficient conclusory allegations without supporting facts.[1] Accordingly, partial summary judgment will be granted in Webster's favor, leaving the § 547(c)(1) defense as the only remaining issue in this proceeding.

By failing to address the outstanding issues regarding

---

[1] Except for the § 547(c)(1) defense, the court's decision of November 9, 2005, rejected all of Scott & Reid's affirmative defenses mentioned in its motion for summary judgment. Scott & Reid has not disputed Webster's contention that only two additional defenses have been raised in Scott & Reid's answer (apparently served on Webster but not filed), and that those defenses are without merit. I agree that those two additional defenses ("waiver, release, and/or collateral estoppel" and failure to name all persons needed for a just adjudication) are without merit in light of Scott & Reid's silence and its failure to allege facts supporting these conclusory defenses.

2

§ 547(c)(1) in his motion (by, for example, not asserting that Scott & Reid is unable to adduce evidence to show that a purchaser would have been on notice of Scott & Reid's constitutional lien), Webster has failed to discharge his burden as the moving party to demonstrate the absence of issues of material fact relating to Scott & Reid's § 547(c)(1) defense. Accordingly, the court will grant summary judgment in favor of the trustee as to § 547(b) and all defenses other than § 547(c)(1).

Because the bona fide purchaser issue should be susceptible of inexpensive and prompt discovery, and may result in a prompt conclusion of this proceeding, I will only temporarily deny summary judgment as to the § 547(c)(1) defense, and require Scott & Reid within 60 days to adduce evidence, after a 45-day opportunity for discovery on the issue, that a purchaser of the debtor's lease would have been on actual notice as to Scott & Reid's constitutional lien.  At that juncture, I will grant the trustee summary judgment if Scott & Reid has come up empty handed.

I

WEBSTER HAS DISCHARGED HIS
BURDEN TO SHOW THE APPLICABILITY OF SECTION 547(b)

Webster, who has the burden of proof to establish the applicability of § 547(b), has filed an unopposed Statement of Material Facts Not in Genuine Dispute with his motion for summary

3

judgment.  District Court LCvR 56.1, made applicable by LBR 7056-1, provides that:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue . . . .  An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated . . . .  In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

The United States Court of Appeals for the District of Columbia Circuit has upheld a trial court's power to treat a moving party's statement of material facts as admitted if the opposing party fails to comply with LCvR 56.1 by filing a separate statement of material facts as to which there is a genuine issue. SEC v. Banner Fund Int'l, 211 F.3d 602, 616 (D.C. Cir. 2000) (holding that the District Court was "fully justified" in treating unopposed statement of material facts as admitted). Indeed, a trial court judge "should not be obliged to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make his own analysis and determination of what may, or may not, be a genuine issue of material disputed fact . . . . [and a trial court] may legitimately look to and rely upon counsel to identify the pertinent parts of the record, to isolate the facts that are

4

deemed to be material, and to distinguish those facts which are disputed from those that are undisputed." Twist v. Meese, 854 F.2d 1421, 1425 (D.C. Cir. 1988) (not an abuse of discretion to deem facts in statement of material facts admitted if no counter-statement of genuine issues of material fact filed); but see Burke v. Gould, 286 F.3d 513, 518 (D.C. Cir. 2002) (District Court does not abuse its discretion if it declines to invoke the requirements of LCvR 56.1).

Webster's unopposed Statement of Material Facts Not in Genuine Dispute sets forth sufficient facts to establish the applicability of all five elements of § 547(b). In light of Scott & Reid's failure to file a statement of material facts as to which there is a genuine issue, the court has the power to grant summary judgment as to the trustee's showing that the transfer at issue constitutes an avoidable transfer, subject to any applicable defenses, within the meaning of § 547(b).

Even if the court were not to treat the trustee's Statement of Material Facts as admitted, Scott & Reid's opposition can be read as conceding that the trustee has demonstrated the applicability of § 547(b), and that only Scott & Reid's affirmative defense under § 547(c)(1) -- the contemporaneous exchange for new value defense -- remains in dispute. Scott & Reid's opposition states that "Scott & Reid does not contest that the Trustee has met his burden of establishing the basic elements

5

of a preferential payment under Section 547 of the Bankruptcy Code . . . ." and then proceeds to address those parts of the court's Opinion that addressed Scott & Reid's § 547(c)(1) defense. Thus, even if Scott & Reid had filed a statement of material facts as to which there is a genuine issue, it does not appear that Scott & Reid contests the trustee's ability to prove the essential elements of § 547(b).[2]

The one notable § 547(b) issue that Scott & Reid failed to address in its opposition relates to the trustee's showing under § 547(b)(5) that the transfer enabled Scott & Reid to receive more than it would have received under a chapter 7 distribution had the transfer not been made. The trustee's affidavit establishes that there will be less than a 100% dividend to unsecured creditors in this bankruptcy case, and this constitutes a prima facie showing that § 547(b)(5) applies. White v. Bradford (In re Tax Reduction Institute) 148 B.R. 63 (Bankr. D.D.C. 1992); Kroh Bros. Dev. Co. v. Commerce Bank of Kansas City (In re Kroh Bros. Dev. Co.), 86 B.R. 186 (Bankr. W.D. Mo. 1988); Lubman v. C.A. Guard Masonry Contractor, Inc. (In re Gem Constr. Corp. of Va.), 262 B.R. 638 (Bankr. E.D. Va. 2000). Scott & Reid

---

[2] The court's order entered on November 10, 2005, directed Scott & Reid to file an answer within 10 days. No such answer has been filed. This would be an additional reason for treating Scott & Reid as conceding that the elements of § 547(b) have been established. However, in moving for summary judgment the trustee refers to the defendant's answer, so apparently Scott & Reid at least served an answer on the trustee.

6

has adduced no evidence or argument to rebut the trustee's showing.[3]

Accordingly, in the exercise of its discretion under LCvR 56.1, the court shall treat the trustee's Statement of Material Facts as admitted and shall grant summary judgment in favor of the trustee as to his showing that 11 U.S.C. § 547(b) applies.

II

THE TRUSTEE IS NOT ENTITLED TO SUMMARY JUDGMENT
ON SCOTT & REID'S CONTEMPORANEOUS EXCHANGE FOR NEW VALUE DEFENSE

In disposing of Scott & Reid's motion for summary judgment, the court held that Scott & Reid was not entitled to summary judgment on its § 547(c)(1) contemporaneous exchange for new value defense because, inter alia, there was no indication that a bona fide purchaser would have been on actual notice of Scott &

---

[3] In disposing of Scott & Reid's motion for summary judgment, the court discussed the reasoning of Rand Energy Co. v. Strata Directional Tech., Inc. (In re Rand Energy Co.), 259 B.R. 274 (Bankr. N.D. Tex. 2001), and the speculative inquiry that would apply under § 547(b)(5), if Rand controlled, regarding whether, had the transfer not taken place, Scott & Reid would have perfected its lien, thereby rendering the lien unavoidable by the trustee under § 547(c)(6). As discussed in the prior decision, there was doubt that Rand was correctly decided, doubt that at the time of the transfer of the payment by NETtel a lien could still be perfected, and doubt that such a lien would have any value. In light of Scott & Reid's failure to raise Rand, the court now deems the issue waived and finds that the trustee has satisfied his burden to show the applicability of § 547(b)(5).

Reid's constitutional lien.[4]  Because no lien affidavit was filed and thus no constructive notice given of the lien, in the absence of a hypothetical bona fide purchaser being on actual notice, the trustee can avoid the unperfected constitutional lien under § 544(a)(3).[5]  See McEvoy v. Ron Watkins, Inc., 105 B.R. 362 (Bankr. N.D. Tex. 1987).  Although Scott & Reid has failed to address the court's prior ruling on this issue, and has failed to file a separate statement of material facts giving rise to a genuine issue for trial or to offer any argument why the court should not adhere to the reasoning of its prior ruling, Webster has likewise failed to set forth as a fact not in genuine dispute that a bona fide purchaser would not have been on actual notice

---

[4]  Under Texas law, "[a]ctual notice exists when knowledge is actually brought home to the parties to be affected by it, or where the parties might, by the use of reasonable diligence, have informed themselves of the existence of certain facts." Detering Co. v. Green, 989 S.W.2d 479, 481 (Tex. 1999).

[5]  Scott & Reid will also need to demonstrate that a bona fide purchaser would have had actual notice of the constitutional lien in order to establish that the lien can be viewed as "previously transferred" within the meaning of § 547(a)(2).

of Scott & Reid's constitutional lien.[6]  Accordingly, LCvR 56.1 does not permit the court to treat that fact (that a bona fide purchaser would not have been on actual notice of Scott & Reid's constitutional lien) as conceded to be true.

Although Scott & Reid bears the ultimate burden of proof on its § 547(c)(1) defense and, in order to prevail, will ultimately be required to prove that a bona fide purchaser would have been on actual notice of Scott & Reid's lien, as the moving party, it is Webster's burden in seeking summary judgment to establish that Scott & Reid has failed to show an ability to establish this material fact relating to its § 547(c)(1) defense.  Webster's motion is altogether silent on this issue.  Although Webster is not required to submit evidence negating Scott & Reid's ability to prove this fact, to discharge his burden Webster must at least "point[] out to the [court] that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

---

[6] The decision regarding Scott & Reid's motion for summary judgment stated that because there was "no indication on this record that a hypothetical bona fide purchaser would have been put on actual notice of Scott & Reid's constitutional lien, . . . . Webster could avoid the lien." (Docket Entry No. 21, entered Nov. 10, 2005, at p. 17.)  But that ruling was based on viewing the record that Scott & Reid supplied in support of its motion for summary judgment in the light most favorable to Webster.  It was not a ruling based on the record that Scott & Reid might establish at a trial or in opposition to a motion for summary judgment by Webster.  It did not rule that, as a matter of law, regardless of what evidence Scott & Reid might submit, Scott & Reid could not prevail on the bona fide purchaser issue.

Scott & Reid notes in its opposition that at trial, after discovery, it may be able to present evidence proving its § 547(c)(1) defense. Although Scott & Reid has had ample time to conduct discovery, its time to complete discovery has not expired.[7] However, the issue of whether a bona fide purchaser of the debtor's lease would have been on actual notice of the constitutional lien is one as to which Scott & Reid should be in possession of relevant evidence, if there is any to support Scott & Reid on that issue. Its silence on this issue suggests that evidence does not exist to demonstrate that a hypothetical bona fide purchaser would have been on actual notice of the constitutional lien. Webster failed to contend that through discovery he has learned that Scott & Reid is unable to present such evidence, and that is why at this juncture summary judgment

---

[7] Discovery was originally scheduled to be completed, in four months, by April 18, 2003. Pursuant to a joint request of the parties filed on April 1, 2003, the scheduling order was vacated, and discovery was stayed pending the disposition of Scott & Reid's motion for summary judgment. The order denying that motion for summary judgment was entered on November 10, 2005, and the parties were free to resume discovery. That order directed that:

> The parties shall within 15 days after entry of this order submit an agreed proposed amended scheduling order or a request for a further scheduling conference. They may contact Sally Myers of the clerk's office to secure a proposed pretrial conference date for purposes of preparing an agreed proposed amended scheduling order.

No agreed proposed amended scheduling order and no request for a further scheduling conference was ever filed.

cannot be granted in Webster's favor.[8] But if Scott & Reid cannot after discovery produce such evidence, that will permit the court to grant Webster's motion. Discovery on that issue should be relatively simple and inexpensive. Requiring Scott & Reid (and Webster) promptly to conduct any discovery on that issue, and requiring Scott & Reid to file a supplemental response to Webster's motion demonstrating that it has such evidence will permit prompt resolution of this proceeding if Scott & Reid is unable to produce such evidence. In the meantime, the parties will be directed to appear at a scheduling conference at which the deadlines for other discovery will be set (unless they jointly agree to defer the scheduling conference).

Several additional issues relating to Scott & Reid's new value defense remain unresolved, including:

> (1) whether the parties intended that the lien on the leasehold interest be released in exchange for the

---

[8] Only if Webster had raised the lack of such evidence would Scott & Reid have been required to demonstrate that such evidence does exist or, alternatively, file a Rule 56(f) affidavit regarding the need for discovery to attempt to locate such evidence.

transfer;[9] and

(2) whether the lien that was released, in comparison to the amount of the transfer, was of equal or greater value.

However, the court will only reach these issues if Scott & Reid first demonstrates that a reasonable finder of fact would be entitled to find that a bona fide purchaser would have had actual notice of the constitutional lien at the time the lien was released.

III

It is thus

ORDERED that the trustee's motion for summary judgment is

---

[9] Webster's motion did not address this issue (because he viewed the § 547(c)(1) defense as having been rejected by the court's discussion of the bona fide purchaser issue in its decision regarding Scott & Reid's motion for summary judgment). It is noted that two items of evidence attached to Webster's motion, if unrebutted, might support a ruling in his favor on this issue. The two items are:

- the Declaration of James C. Ellis (stating that Scott & Reid's threat of placing a mechanic's lien on the owner's building was the only lien and the only type of lien any representative of Scott & Reid discussed); and

- Scott & Reid's fax to Ellis dated August 22, 2000 (threatening to place a lien "on the building" thereby causing "great distress for the building owner as well as Scott & Reid").

Unless the lien on the debtor's leasehold interest were discussed, the parties could not have formed a meeting of the minds--an intention--that the lien on the debtor's leasehold interest be released in exchange for the transfer.

GRANTED as to the issue of whether the trustee has established all five elements of an avoidable transfer under 11 U.S.C. §547(b), and the amount of the transfer ($129,508.36), and as to all defenses other than the § 547(c)(1) defense, such that if the § 547(c)(1) defense is rejected, the trustee shall be entitled to judgment in his favor in the amount of $129,508.36, together with prejudgment interest from October 25, 2002 (the date of service of the complaint). It is further

ORDERED that the trustee's motion for summary judgment is otherwise TEMPORARILY DENIED. It is further

ORDERED that within 45 days after entry of this order, Scott & Reid and the trustee may conduct discovery on the issue of whether a bona fide purchaser of the debtor's lease would have been on actual notice of Scott & Reid's constitutional lien. It is further

ORDERED that within 60 days after entry of this order, Scott & Reid shall file with the court a memorandum supported by sufficient evidence to demonstrate that a reasonable finder of fact would be entitled to rule in Scott & Reid's favor on this issue such as to preclude the grant of summary judgment in favor of Webster. It is further

ORDERED that Webster may file a responsive memorandum within 14 days after the filing of Scott & Reid's memorandum. It is further

ORDERED that a scheduling conference will be held on October 21, 2008, at 9:30 a.m. to address setting a discovery schedule for other issues in this proceeding.

[Signed and dated above.]


Copies to:

All counsel of record; Office of the United States Trustee.